IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| FRANKIE L. DOCTOR, | C/A: 0:14-425-JFA-PJG |
| Petitioner, | |
| | ORDER |
| v. | |
| WARDEN MANSUKHANI, | |
| Respondent. | |

This matter is before the court upon the motion of the petitioner, Frankie L. Doctor, pursuant to 28 U.S.C. § 2241. The government has responded to the motion and the matter is now ripe for this court's review. After carefully reviewing the record in this case, the memoranda submitted by both parties, and the applicable laws, this court has determined that an evidentiary hearing is not necessary, and that the petitioner is not entitled to relief.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion to dismiss[2] should be granted. The

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation and he timely filed objections which the court will address herein.

## PROCEDURAL BACKGROUND

On September 6, 2005, a federal grand jury returned a two-count Superseding Indictment charging Frankie Doctor with being a felon in possession of a firearm and ammunition, and possessing with intent to distribute a quantity of cocaine base and cocaine. Subsequent to the initial Indictment, the government filed an Information informing Doctor that he would be subject to increased penalties pursuant to 18 U.S.C. § 924(e), based on enumerated prior convictions and any other convictions the government might discover. The Information listed six separate convictions: (1) Housebreaking and Grand Larceny, (2) Buggery, (3) Robbery, (4) Assault and Battery of a High and Aggravated Nature ("ABHAN"), (5) Armed Robbery, and (6) Assault and Battery of a High and Aggravated Nature.

On December 6, 2005, a jury returned a verdict of guilty on both counts. The probation officer prepared a Presentence Investigation Report ("PSR"), to which Doctor filed three objections, including an objection to his classification as an armed career criminal under the Armed Career Criminal Act ("ACCA"). Doctor and the government filed pre-sentencing memoranda. The court held a sentencing hearing on April 17, 2006. The

prosecutor argued that Doctor's ABHAN convictions qualified as predicate convictions for sentence enhancement pursuant to § 924(e). The prosecutor also argued that even if the ABHAN convictions were not predicate convictions, Doctor would nonetheless qualify as an armed career criminal because he had at least three other convictions that would qualify. The prosecutor submitted certified copies of the potential predicate convictions to the court. The court overruled Doctor's objections and adopted the PSR, finding the appropriate Guidelines range to be 262 to 327 months.

Although the government sought a sentence at the top of the guideline range, this court, after observing that due to his age it was unlikely that the defendant would re-offend if he were given the low end of the Guidelines range, imposed a custodial sentence of 262 months.

On appeal, Doctor argued that the government had not charged and proved to the jury the prior convictions used to enhance his sentence. Notably, Doctor did not argue that his prior ABHAN convictions should not have been counted as predicate convictions for purposes of the ACCA enhancement. The Fourth Circuit Court of Appeals affirmed Doctor's sentence.

On February 10, 2012, Doctor filed a motion pursuant to 28 U.S.C. § 2255, alleging that he was entitled to relief from his sentence based on the holding of *United States v. Simmons*, 649 F.3d 247 (4th Cir. 2011). This Court dismissed the § 2255 motion on January 10, 2013, because it was untimely.

3

Then, on February 19, 2014, Doctor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Here, he contends that he is entitled to relief because his sentence is in excess of the statutory maximum because his prior convictions for ABHAN no longer qualify as violent felonies under the holding of *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).

The United States Magistrate Judge filed a Report and Recommendation suggesting that Doctor's petition be dismissed because he has failed to show that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence.

Doctor objected to the Report and Recommendation, arguing that he should be allowed to pursue his § 2241 petition in light of the holdings in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *rehearing en banc granted by Whiteside v. United States*, ___ Fed.Appx. ___, 2014 WL 3377981 (4th Cir. Jul. 10, 2014).

The government contends in its memorandum submitted in pursuant to the Court's directive that *Whiteside* is not applicable to this case because, unlike the defendant in *Whiteside*, Doctor has previously filed a § 2255 petition. In *Whiteside*, the Fourth Circuit observed, "[I]f Whiteside had filed his petition prior to *Simmons*, and it had been denied, his current claim would probably be barred as a successive petition." *Whiteside* at 546–47. As the government observes, other district courts in the Fourth Circuit have relied upon this rationale in denying relief under *Whiteside* to defendants who have previously filed § 2255

4

petitions.

That having been said, this court is not required to delve into the thicket presented by the Whiteside decision, which, as noted above, is now pending before the Fourth Circuit Court of Appeals on *en banc* review. This is because the defendant also has other predicate convictions in his criminal record which are countable for ACCA purposes. Specifically, defendant has convictions for housebreaking, armed robbery, and robbery. All of these convictions were included in Doctor's PSR and were not objected to by him at sentencing. Accordingly, the ACCA enhancement was proper in this case notwithstanding the court's earlier use of the now-tainted ABHAN convictions.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and adopts and incorporates the Report herein by reference. Accordingly, the respondent's motion to dismiss is granted (ECF No. 25) and the petition is dismissed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 19, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge